IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADIN FRANCESCO CHAVEZ MURCIA,

                Plaintiff,
   v.

PAMELA BONDI, KRISTIN NOEM,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD M. LYONS, and U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                Defendants.

OPINION and ORDER

26-cv-176-jdp

---

      Adin Francisco Chavez Murcia was detained by agents of Department of Homeland Security's U.S. Immigration and Customs Enforcement, and he is being held at the Douglas County jail in Superior, Wisconsin. He is a citizen of El Salvador, but he has resided in the United States since 2021. He seeks relief under 28 U.S.C. § 2241, contending that respondents are violating 8 U.S.C. § 1226(a) and the Due Process Clause by detaining him without providing a bond hearing.

      This court previously considered the statutory question, holding that individuals who are "arrested while residing in the United States without legal status" are entitled to a bond hearing under § 1226(a). *See Paredes Padilla v. Galovich*, No. 25-cv-863-jdp, 2025 WL 3251446, at *3 (W.D. Wis. Nov. 21, 2025). The Seventh Circuit recently reached the same conclusion in a preliminary ruling. *Castañon-Nava v. U.S. Dep't of Homeland Security*, 161 F.4th 1048, 1060–63 (7th Cir. 2025) (holding that the government was not likely to succeed on its argument that the non-citizen plaintiffs were subject to mandatory detention with the opportunity for bond). In their response to the order to show cause, respondents concede that this case is not factually distinguishable from *Paredes Padilla*. Dkt. 17, at 2. And they do not

directly engage with the reasoning of that case or ask the court to reconsider its decision. So the court concludes that Murcia is entitled to a bond hearing under § 1226(a). This makes it unnecessary to decide Murcia's rights under the Due Process Clause. The court will grant the petition for a writ of habeas corpus and direct the respondents to either release Murcia or provide him with a bond hearing.

In his reply brief, Murcia contends that the court's order granting his petition should include a direction that, at the bond hearing, the government bears the burden to show by clear and convincing evidence that Murcia's continued detention is necessary to prevent a risk of flight or a threat to public safety. That's unnecessary. The court is ordering the government to provide Murcia with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a), which implies that the immigration judge will follow all applicable laws in determining whether Murcia is entitled to release on bond. *See* 8 C.F.R §§ 236.1, 1003.19, 1236.1.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Adin Francisco Chavez Murcia, Dkt. 1, is GRANTED.

2. Within seven days, respondents shall either release Murcia or provide him with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a).

3. The clerk of court is directed to enter judgment and close this case.

Entered March 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge